RETZ et al. v. BIRMINGHAM et al.

Civ. No. 513.

United States District Court,
N. D. Iowa, E. D.

Jan. 22, 1951.

James G. Armstrong, Daniel W. McNabb, Waterloo, Iowa, for plaintiffs.

Wm. B. Danforth, Asst. U. S. Atty., Sioux City, Iowa, John A. Rees, Special Asst. to the Atty. Gen., for defendants.

GRAVEN, District Judge.

On the 16th day of January, 1951, at the Federal Court House at Waterloo, Iowa, the above-entitled case came on for trial before the Court. James G. Armstrong and Daniel W. McNabb appeared as attorneys for the plaintiffs. William B. Danforth, Assistant United States District Attorney, and John A. Rees, Special Assistant to the Attorney General, appeared as attorneys for the defendants. On January 16th, 1951, the parties presented their evidence, arguments of counsel were made, the case submitted to the Court and by it taken under advisement. Now, to-wit, on this 22d day of January, 1951, the Court, being fully advised in the premises, makes and enters the following Findings of Fact, Conclusions of Law and Order for Judgment.

### Findings of Fact.

1. This is an action for the recovery of federal income taxes claimed to have been erroneously and illegally collected from the plaintiffs by E. H. Birmingham. The action was commenced on August 22d, 1950.

2. E. H. Birmingham was at the time of the collection of the taxes in question and at the time of the commencement of this action the duly appointed, qualified and acting Collector of Internal Revenue for the District of Iowa. The said E. H. Birmingham was a resident of the City of Sioux City, Woodbury County, Iowa.

3. The original defendant in this action was E. H. Birmingham. E. H. Birmingham died testate a resident of Sioux City, Woodbury County, Iowa, on November 18th, 1950. On December 19th, 1950, William E. Birmingham and Mildred L. Birmingham were, by the District Court of Iowa in and for Woodbury County, duly appointed Executors of the Estate of the said E. H. Birmingham and duly qualified as such. Thereafter the said William E. Birmingham and Mildred L. Birmingham, as such Executors, were duly substituted as parties defendant in place of E. H. Birmingham.

4. The plaintiffs, Lyle E. Petz and Mildred L. Retz, at all times material hereto were husband and wife. They are residents of Delaware County, Iowa. For many years prior to the year 1946 and during the years 1946, 1947 and 1948 their occupation was that of farming. During the years 1946, 1947 and 1948 their federal income tax returns were made on a cash basis with farm expenses charged against the income. Approximately two-thirds of their gross income during the years preceding the year of 1946 and during the years of 1946, 1947 and 1948 was derived from the sale of pigs. The balance of their income during that period was derived from the sale of milk. During the years 1946, 1947 and 1948 they kept and maintained about 30 sows and 12 cows for breeding stock. About one-half of the sows sold each year had been successfully bred twice. They were generally about twenty-four months old when sold. The other half of such sows had been successfully bred once. They were generally from sixteen to eighteen months old when sold. The cows sold from the plaintiffs' milk herd were about five years old. All of the animals sold were raised by the plaintiffs. They were sold to marketing agencies when the plaintiff, Lyle E. Retz, believed they had passed the maximum age of profitable production in his dairy and breeding herds. The sows were smoothed up by feeding for approximately thirty days prior to sale. The cows were sold directly from the milking herd.

5. On or about March 15th, 1947, the plaintiff, Lyle E. Retz, filed his individual federal income tax return for the calendar

year of 1946 with E. H. Birmingham, the Collector of Internal Revenue for the District of Iowa. In said return he reported and included as ordinary income the proceeds of the sale of 24 sows and 3 cows for the sums of $1,672 and $210 respectively. The said 24 sows and 3 cows were used and handled as, and for, breeding purposes in accordance with the practice of the plaintiff heretofore described. He paid to the said Collector as, and for, his federal income tax for the year of 1946 the sum of $1,474.12, based on said return, of which $1,000 was paid on January 9th, 1947, and $474.12 was paid on March 15th, 1947.

6. On March 15th, 1948, the plaintiff, Lyle E. Retz, filed with E. H. Birmingham, the Collector of Internal Revenue for the District of Iowa, his individual federal income tax return for the year of 1947. In said return he reported and included as ordinary income the proceeds of the sale of 28 sows and 3 cows for the sums of $2,147 and $215 respectively. The said 28 sows and 3 cows were used and handled as, and for, breeding purposes in accordance with the practice of the plaintiff heretofore described. He paid the said Collector as, and for, his federal income tax for the year of 1947, based on said return, the sum of $2,896.28, of which $1,500 was paid on February 4th, 1948, and $1,396.28 was paid on March 24th, 1948.

7. On March 15th, 1949, the plaintiffs, Lyle E. Retz and Mildred L. Retz, filed their joint federal income tax return for the calendar year of 1948. In said return they reported and included as ordinary income the proceeds of the sale of 30 sows and 4 cows for the sums of $2,203 and $774 respectively. The said 30 sows and 4 cows were used and handled as, and for, breeding purposes in accordance with the practice of the plaintiffs. They paid the said Collector as, and for, their federal income tax for the year of 1948, based on said return, the sum of $836.18, of which $600 was paid on February 3d, 1949, and $236.18 was paid on March 23d, 1949.

8. On August 30th, 1949, the plaintiffs timely filed formal claims for refund for the calendar years of 1946, 1947 and 1948 in the respective sums of $192.19, $411.70 and $253.54. No final action has been taken to date by the Commissioner of Internal Revenue. The said claims for refund were made on the basis that the sows and cows heretofore referred to constituted capital assets within the provisions of Section 117(j) of the Internal Revenue Code, 26 U.S.C.A. § 117(j).

■ 9. The said 24 sows and 3 cows, the sale of which was reported by the plaintiff, Lyle E. Retz, in his 1946 income tax return, did constitute capital assets within the provisions of Section 117(j) of the Internal Revenue Code.

10. The said 28 sows and 3 cows, the sale of which was reported by the plaintiff, Lyle E. Retz, in his 1947 income tax return, did constitute capital assets within the provisions of Section 117(j) of the Internal Revenue Code.

11. The said 30 sows and 4 cows, the sale of which was reported by the plaintiffs in their 1948 income tax return, did constitute capital assets within the provisions of Section 117(j) of the Internal Revenue Code.

12. Those portions of the taxes collected by the said E. H. Birmingham from the plaintiffs for the years of 1946, 1947 and 1948, which were collected upon the assumption that the said cows and sows did not constitute capital assets within the provisions of Section 117(j), were erroneously and illegally collected.

13. The amount of tax so erroneously and illegally collected by said Collector for the year of 1946 was the sum of $192.19, and the amount so erroneously and illegally collected by him for the year of 1948 was the sum of $253.54. The amount so erroneously and illegally collected by him for the year of 1947, after crediting the sum of $123.69 additional tax due from the plaintiff in connection with other items, was in the sum of $302.75.

Conclusions of Law.

■ 1. That this Court has jurisdiction of the subject matter of this action and the parties thereto under Section 1340 of the Revised Judicial Code, 28 U.S.C.A. § 1340.

2. That the said E. H. Birmingham erroneously and illegally collected as income tax from the plaintiff, Lyle E. Retz, for the year of 1946, a sum in excess of the amount legally owed by said Lyle E. Retz therefor and that the amount of the illegal and erroneous collection was the sum of $192.19.

3. That the said E. H. Birmingham erroneously and illegally collected as income tax from the plaintiff, Lyle E. Retz, for the year of 1947, a sum in excess of the amount legally owed by said Lyle E. Retz therefor and that the amount of the erroneous and illegal collection was the sum of $302.75.

4. That the said E. H. Birmingham erroneously and illegally collected as income tax from the plaintiffs, Lyle E. Retz and Mildred L. Retz, for the year of 1948, a sum in excess of the amount legally owed by them therefor and that the amount of the illegal and erroneous collection was the sum of $253.54.